UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL R. DEPREZ,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Civil No. 06-1210-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

        Plaintiff Daniel DePrez seeks judicial review of a final decision denying his application for disability insurance benefits. His application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) conducted a hearing on February 6, 2006. On March 15,

1- OPINION AND ORDER

2006, the ALJ issued a decision finding that plaintiff was not entitled to benefits. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff seeks judicial review.

## **STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of

Impairments). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. §

405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

**SUMMARY OF THE ALJ'S FINDINGS**

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff has not engaged in SGA since the alleged onset of his disability.  Transcript of Record (hereinafter "Tr.") 18.

4- OPINION AND ORDER

At Step Two, the ALJ found that plaintiff had severe impairments, including undifferentiated somatoform disorder, dysthymic disorder, and alcohol abuse in sustained remission. Tr. 18.

At Step Three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 20.

At Step Four, the ALJ found, based on Vocational Expert testimony, that plaintiff could not perform his past relevant work. Tr. 24. The ALJ so found after determining that plaintiff retained the RFC to engage in the light exertional work activities, including standing and walking no more than four hours total per day, no climbing, except for stairs and ramps, and unskilled routine work. Tr. 21.

At Step Five, the ALJ found that plaintiff could perform a significant number of jobs in the national economy, including mail clerk, distribution and routing clerk, routine office clerk, and small products assembler. Tr. 24-25.

**FACTS**

The relevant background, which has been presented thoroughly by the parties and in the ALJ's decision, is summarized here. Plaintiff, who was fifty-one years old at the time of his first hearing, has past relevant work as a restaurant manager, comedian, freelance writer, retail clerk, treatment assistant, auto salesman, file clerk, and customer service representative. Tr. 24. Specific medical facts and background will be addressed as necessary in conjunction with the parties' legal arguments.

**DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for payment of benefits because the ALJ's decision is not supported by substantial evidence and is based on legal errors.

The court finds that a remand is appropriate to address several errors made by the ALJ. First, the ALJ rejected petitioner's contention that he has suffered from Chronic Fatigue Syndrome (CFS) because no medical doctor had diagnosed that condition. Tr. 20. The ALJ noted that Barbara Brown first diagnosed plaintiff with CFS, and although Brown was plaintiff's primary care provider, she was a Nurse Practitioner, not a doctor. Tr. 19-20, 268. According to plaintiff's medical records, however, Lois Dickinson first diagnosed plaintiff with CFS, on August 19, 2002. Tr. 169-70. The court's review of the administrative record finds no mention of Dickinson's training or title, and therefore the court remands to supplement the record as to Dickinson's medical licensing.

In determining that plaintiff's alleged impairment due to CFS was not a severe medically determinable impairment, the ALJ also disregarded the medical evidence of Dr. David Gostnell. In Dr. Gostnell's psychodiagnostic examination, he noted that plaintiff suffered from CFS. Tr. 254. Dr. Gostnell also reported that plaintiff's physical capacities were limited by CFS and somatoform disorder. Tr. 257. Although the ALJ gave no reason to discredit Dr. Gostnell's report, the ALJ disregarded Dr. Gostnell's finding that plaintiff's physical capacities were limited due to CFS in determining plaintiff's RFC. On remand, the ALJ is ordered to consider Dr. Gostnell's report regarding plaintiff's physical limitations, and to supplement the record if Dr. Gostnell's report needs elaboration.

The ALJ also erred in rejecting the lay witness testimony of Jay Elwell, plaintiff's friend, and Alice DePrez, plaintiff's mother, with whom he lives. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  Lay testimony may be discounted if it conflicts with medical evidence.  *Id.*  An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons."  *Id.* at 512.

In rejecting lay witness testimony, the ALJ did not give reasons germane to each witness. The ALJ erred in completely disregarding the letter from Elwell, which describes the difficulties plaintiff has faced, and how his medical impairments have affected him.  The ALJ rejected the testimony of Mrs. DePrez because she has no "demonstrated expertise to critically evaluate whether the claimant's complaints are exaggerated or inconsistent with objective evidence."  Tr. 22.  Lay testimony is competent evidence not because the witness has any "demonstrated expertise" but because "friends and family members [are] in a position to observe a plaintiff's symptoms and daily activities."  *Dodrill v. Shalala*, 12 F.3d 915, 918 (1993).  As lay testimony, Mrs. DePrez's observations are valuable because she saw plaintiff on a daily basis and "an eyewitness can often tell whether someone is suffering or merely malingering."  *Id.* at 919.  As such, the ALJ's explanation for rejecting Mrs. DePrez's testimony regarding plaintiff's RFC is not supported by substantial evidence.

As a result of the outstanding issues regarding plaintiff's diagnosis of CFS, the inadequate rejection of medical evidence and the inadequate explanation for rejecting lay testimony, this

7- OPINION AND ORDER

court concludes that a remand is appropriate in this matter.  Under 42 U.S.C. § 405(g), this court has jurisdiction to review administrative decisions in Social Security benefits cases.  While the first two sentences of Section 405(g) establish this court's jurisdiction, the fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner.  *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).  Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000).  The decision turns upon the likely utility of further proceedings.  *Id.* at 1179.  Such a remand is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits.  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

Here, a remand is appropriate to address several errors made by the ALJ, and to allow consideration of Dickinson and Dr. Gostnell's diagnosis of CFS.  In considering plaintiff's RFC, the ALJ must articulate specific findings for rejecting the testimony of the lay witnesses.  Because of the above errors, the vocational hypothetical posed to the VE was incomplete and the ALJ's determination of plaintiff's RFC was erroneous.  Whether or not the ALJ finds that

plaintiff is impaired by CFS, on remand the ALJ is ordered to take into account plaintiff's fatigue due to somatoform disorder when determining plaintiff's RFC and posing a hypothetical to the Vocational Expert.

**CONCLUSION**

Accordingly, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for further proceedings consistent with this opinion and order.

IT IS SO ORDERED.

DATED this  28    day of March, 2008.

                                            /s/ Ancer L. Haggerty
                                             Ancer L. Haggerty
                                       United States District Judge